UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINE R. TRENT,<br><br>      Plaintiff,<br><br>v.<br><br>UNION TOWNSHIP POLICE DEPARTMENT, et al.,<br><br>      Defendants. | Civ. No. 14-7190 (KM) (MF)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

The plaintiff, Antoine R. Trent, is a prisoner at East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On December 5, 2014, I administratively terminated this case without prejudice because Mr. Trent's application to proceed *in forma pauperis* was incomplete. Mr. Trent was given thirty days in which to file a complete *in forma pauperis* application or else tender the filing fee. On January 23, 2015, the Court received another application to proceed *in forma pauperis* from Mr. Trent. Although this application was filed beyond the thirty day deadline imposed in my December 5, 2014 Order, I will nevertheless order the Clerk to reopen the case. Mr. Trent's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed

1

because, on its face, it is barred by the applicable statute of limitations. This dismissal is without prejudice to the filing of an amended complaint that sets forth an adequate basis for the court to conclude that the statute of limitations was tolled or otherwise does not bar these claims.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. The complaint names two defendants: (1) Union Township Police Officer David Pinto; and (2) the Union Township Police Department. The complaint alleges that on April 22, 2011, Mr. Trent was double parked in Union Township when a car pulled up in front of him and two men wearing plain clothes jumped out with their guns drawn. A passenger in Mr. Trent's vehicle unlocked his door. Officer Pinto then fired his weapon eight times. Mr. Trent was shot on the left side of his head which caused him to go blind in his left eye and have no feeling on the his left side of his face. Mr. Trent was also arrested. Mr. Trent asserts a claim under 42 U.S.C. § 1983 that Pinto used excessive force against him.

## III. STANDARD OF REVIEW

A. <u>Standard for *Sua Sponte* Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

A. <u>Statute of Limitations</u>

Mr. Trent alleges that the police officer's application of excessive force took place on April 22, 2011. However, he did not file his complaint until three and one half years later, in November, 2014. Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the

time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The alleged acts giving rise to the purported excessive force occurred when Mr. Trent was shot on April 22, 2011. Mr. Trent would have then been aware then at that time of the acts giving rise to his claims. Thus, the two-year Section 1983 statute of limitations began to run on that date, and expired on April 11, 2013. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). Mr. Trent's November 2014 complaint was therefore filed over 18 months after the statute of limitations had expired.

"'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A:14-22 (detailing tolling because of non-residency of persons liable). Nevertheless, the complaint as pled does not allege any basis for statutory tolling.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Sup. Ct. App. Div. 2002)). The complaint, however, does not articulate any basis for equitable tolling.

It is apparent from the face of the complaint that Mr. Trent's claims are barred by the statute of limitations and must therefore be dismissed. *See Ostuni*, 532 F. App'x at 111-12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run."). However, the dismissal will be without prejudice. If Mr. Trent believes that he can assert facts showing that tolling is warranted, he may move to re-open this case and file an amended complaint stating the basis for that tolling.

B. Request for Appointment of Counsel

Mr. Trent has also filed a request for the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United*

*States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See id.* Appointing counsel may be made at any point during the litigation *sua sponte* or by granting a party's motion. *See id.* at 156.

In this case, the Court will deny the request for the appointment of counsel without prejudice. As described above, the complaint has been screened and is being dismissed for failure to state a claim upon which relief may be granted as the complaint is time-barred. Thus, Mr. Trent has failed to make a showing that there is some merit in fact or in law to the claims he is attempting to assert.

## V.   CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted as it is time barred. Mr. Trent's request for the appointment of counsel will be denied without prejudice. An appropriate order will be entered.

Dated: February 3, 2015

_____
KEVIN MCNULTY
United States District Judge