UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTOINE R. TRENT, et al.,

    Plaintiff,

v.

UNION TOWNSHIP POLICE DEPARTMENT, et al.,

    Defendants.

Civ. No. 14-7190 (KM) (MF)

OPINION

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

The plaintiff, Antoine R. Trent, is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is Mr. Trent's request to reopen his case. For the following reasons, plaintiff's request to reopen will be denied.

### II. BACKGROUND

The facts alleged in plaintiff's complaint are summarized in my prior opinion. The plaintiff sues the Union Township Police Department and one of its officers, David Pinto, for excessive use of force on April 22, 2011.

On February 4, 2015, this Court screened Mr. Trent's original complaint and found that it was filed beyond the applicable two-year statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New Jersey. Mr. Trent filed his complaint in November 2014, over three-and-one-half years after the incident. I dismissed the complaint without prejudice, and gave Mr. Trent thirty days in which to file a proposed amended complaint that stated the basis for tolling the two-year statute of limitations period, if any such a basis existed. The deadline came and went.

On July 21, 2016, or over five months after the Court's screening Opinion, Mr. Trent sent the court a letter arguing that the statute of limitations should have been equitably tolled.

### III. DISCUSSION

The request to reopen the case will be denied for several reasons. First, Mr. Trent's request to reopen was filed well beyond the thirty-day period that this Court allowed in its February 4, 2016 Opinion. Second, Mr. Trent has failed to file a proposed amended complaint with his request to reopen, as required by the Court's February 4, 2016 Order.

Third, and in the alternative, the asserted grounds for equitable tolling are inadequate.

In his letter, Mr. Trent explains that in July 2011, a paralegal visited him in prison and stated that a law firm would be interested in representing him in a civil lawsuit against the police. Mr. Trent filled out forms permitting the paralegal to obtain his medical records. The attorney allegedly told him he was investigating the matter. Mr. Trent thereafter tried and failed to reach the attorney. Eventually, in 2014, Mr. Trent filed the complaint on his own.

Equitable tolling has generally been applied in three circumstances:

(1) [where] 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass' ...

(2) where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights [and] ...

(3) where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (App.Div. 2002). Equitable tolling requires that plaintiffs "diligently pursue their claims." *Id.* at 32; *see also Binder v. Price Waterhouse & Co., L.L.P.*, 923 A.2d 293, 312-13 (N.J. Sup. Ct. App. Div. 2007).

A court in this District has persuasively concluded that ordinary attorney neglect does not constitute obstruction in "some extraordinary way" that would justify equitable tolling:

> Defendants cite *D.D. v. University of Med. & Dentistry of New Jersey*, 213 N.J. 130, 148 (2013), a case which, though not exactly on point, deals with the construction of a statutory provision, N.J. S.A. § 59:8–9, which allows equitable tolling of the tort notice of claim requirement under "extraordinary circumstances." The New Jersey Supreme Court discussed the question of whether attorney inattention to filing deadlines constitutes an extraordinary circumstance which justifies equitable tolling and held, unambiguously: "we cannot agree that an attorney's inattention to a file, or even ignorance of the law, equates with extraordinary circumstances for tort claims purposes." *Id.* at 156. Although this decision dealt with construction of statutory language not at issue in the instant case, the issues are sufficiently similar that this Court is satisfied that the New Jersey Supreme Court would apply this reasoning to answer the question presently before this Court. . . .
>
> Furthermore, as stated in *Binder*, New Jersey courts require a plaintiff to exercise reasonable diligence in pursuing her claims when asking for equitable tolling of a limitation period. The record before this Court contains no evidence that Plaintiff exercised reasonable diligence.

*Williams v. City of Perth Amboy*, No. 12-180, 2013 WL 2395038, at *2 (D.N.J. May 29, 2013).

As in *Williams*, this attorney's inattention, assuming it occurred, is not sufficient to require equitable tolling. Mr. Trent was not affirmatively prevent from asserting his rights, nor was he misled into thinking his complaint actually was being filed. He alleges only that the attorney and paralegal told him they were investigating. Nor is there a showing of reasonable diligence. When Mr. Trent allegedly spoke to the paralegal in July 2011, he still had over 20 months to file his civil complaint. He does not allege that, other than unsuccessfully attempting to contact the attorney and paralegal, he took any steps to ensure the complaint was filed in time. *See Binder*, 923 A.2d at 299.

## IV. CONCLUSION

In summary, then, the complaint was filed outside the statute of limitations and dismissed; the plaintiff was nevertheless given 30 days to demonstrate that the limitations period should be equitably tolled; he did not respond within 30 days; and when he did respond, some five months later, he did not set forth facts sufficient to justify equitable tolling under *Williams*.

For the foregoing reasons, petitioner's request to reopen will be denied. An appropriate order will be entered.

DATED: April 11, 2019

KEVIN MCNULTY
United States District Judge